# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2022

Lyle W. Cayce
Clerk

No. 21-10823
Summary Calendar

VELETTA COLEMAN,

*Plaintiff—Appellant*,

*versus*

TODD COMBS, *Chief Executive Officer and President at Geico-County Mutual Insurance Company and Geico Government Employees Insurance Company*; WARREN BUFFETT, *CEO Berkshire Hathaway*; SARAH-RENEE HOLLINGSWORTH GARNER; SPENCER BROWNE, *Attorney*; LAW OFFICE OF REYES, BROWNE, AND REILLY; C. MARSH, *Badge #5233*; CITY OF DALLAS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1493

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10823

Valetta Coleman seeks leave to appeal, *in forma pauperis* ("IFP"), the dismissal of her lawsuit for want of jurisdiction. By such motion, Coleman is challenging the district court's certification that any appeal would not be taken in good faith because, for the reasons relied upon in the order of dismissal, she will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Coleman asserts that she is financially eligible to proceed IFP and that her appeal is brought in good faith. She conclusionally states that the defendants violated her civil and constitutional rights; she renews her claims of conspiracy and violations of state law. But she fails to brief any argument explaining what specific constitutional or federal rights the defendants violated or otherwise challenging the district court's conclusion that she failed to establish federal-question subject-matter jurisdiction. She has therefore abandoned any challenge to the reasons for the dismissal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Inasmuch as Coleman complains that the district court violated her due process rights by denying a hearing and/or jury trial, the argument will not be considered as it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Furthermore, the argument fails to address the lack of a jurisdictional basis for her suit.

To the extent that Coleman asserts that the district court was biased against her, the claim lacks merit because it is based solely on unfavorable rulings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). To the extent that she complains that the district court erred in denying her motion for the appointment of counsel, she fails to show any exceptional circumstances to warrant counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

No. 21-10823

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, the motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Coleman was cautioned in the district court that the pursuit of frivolous actions would invite sanctions. Because she has failed to heed that warning, she is ORDERED to pay a sanction of $100 to the clerk of court, and she is barred from filing any pleading in this court or any court subject to this court's jurisdiction until the sanction is paid in full unless she obtains leave of the court in which she seeks to file such pleading.

Coleman is once again WARNED that the filing of repetitive or frivolous pleadings in this court or any court subject to this court's jurisdiction could result in additional sanctions. She is DIRECTED to review all pending matters and to move to dismiss any that are frivolous, repetitive, or otherwise abusive.